UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
PORTLAND DIVISION

| | |
|---|---|
| PAULA BANTA, | ) No. |
| Plaintiff, | ) |
| v. | ) **PLAINTIFF'S COMPLAINT AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| CAPITAL ONE BANK (USA), N.A., | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | ) **Paula Banta, Plaintiff** |

## COMPLAINT

NOW COMES Plaintiff, PAULA BANTA ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Defendant conducts business in the state of Maine, and therefore, personal jurisdiction is established.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and

state courts have concurrent jurisdiction over private suits arising under the TCPA and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein

4. Venue is proper in the United States District Court for the District of Maine pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**PARTIES**

5. Plaintiff is a natural person residing in Kennebec County, in the city of North Monmouth, Maine.

6. Defendant is a Virginia corporation doing business in Maine and has its principal place of business in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant under the commercial moniker of "Cabela's Club Visa credit card with Capital One."

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (207) 458-10XX.

11. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to, (877) 338-6191.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, PAULA BANTA.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about May 24, 2018, at or about 11:48 a.m. Pacific Standard Time, Plaintiff spoke with Defendant's male representative at (877) 338-191 and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation Plaintiff gave Defendant her name, social security number, and zip code to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

PLAINTIFF'S COMPLAINT

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on May 24, 2018.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff through June 22, 2018.

21. After Plaintiff's repeated request to cease, Defendant placed at least Ninety-Two (92) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

Case 1:18-cv-00416-LEW   Document 1   Filed 10/08/18   Page 5 of 6   PageID #: 5

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PAULA BANTA, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

## FIRST CAUSE OF ACTION

30. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (92); $46,000.00;

31. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

32. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (92); $138,000.00;

33. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

34. Costs and reasonable attorneys' fees; and

35. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,

Date: September 25, 2018

*/s/ Daniel Ruggiero*
DANIEL RUGGIERO
Attorney for Plaintiff
**The Law Office of Daniel Ruggiero**
275 Grove St., Suite 2-400
Newton, MA, 02466
41 Madison Avenue
25th Floor – Suite 2539
New York, NY 10010
P: (339) 237-0343
E: DRuggieroEsq@gmail.com